### BERNIKOW v. POMMERANTZ.

(Supreme Court, Appellate Term. June 26, 1905.)

TRIAL—MISCONDUCT OF JURY—SETTING ASIDE OF VERDICT.

Where it was known before verdict was rendered that a juror had revealed the conclusion of the jury on the way from their room to the courtroom, the misconduct was not sufficient to justify the setting aside of the verdict on a late application.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, § 105.]

Appeal from City Court of New York, Trial Term.

Action by Abraham Bernikow against Israel Pommerantz. From an order setting aside a verdict in favor of defendant, he appeals. Reversed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

Henry J. Goldsmith (Cohen Bros., of counsel), for appellant.

Pollock & Abrahams, for respondent.

MacLEAN, J. The defense of usury to this action upon a note was sustained by the evidence and by the jury, whose verdict may not be said to be against the weight thereof, though set aside it has been by the trial justice, "particularly on the ground that the verdict was against the weight of evidence, and was rendered by the jury, who were influenced by passion or prejudice." Specious statements of conclusions a many there are in the papers, but the only evidence of passion or prejudice, if any there be, is to be found in the affidavits submitted upon the motion to set aside, and a careful reading discloses absolutely nothing beyond the statement by one side that a juror revealed the conclusion of the jury on the way from their room to the courtroom. This, however, was positively denied by the other side, and as well by the juror as by counsel, even of the moving party. This, alone, was hardly enough to justify the action of the trial justice, and, even if true, being known before

verdict was rendered, was not sufficient for a late application to set the verdict aside. Fash v. Byrnes, 14 Abb. Prac. 12. The order appealed from must therefore be reversed.

Order reversed, with costs and disbursements. All concur.